IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SEAN HARRISON and ELIJAH MUHM on behalf of themselves and a class of those similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>RESTORATION BUILDERS, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CASE NO.<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

### INTRODUCTION

The named plaintiffs in this case are two persons. They request that this case be certified as a class action with the class defined as: "all persons who worked as sales employees residing in the State of Indiana for RBI in 2023 and who are no longer employed by RBI as of June 1, 2024".

Certification is sought pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, which provide that certification is appropriate if a plaintiff demonstrates that the class is so numerous that joinder of all members is impractical, there are questions of law or fact common to the class, the plaintiffs' claims are typical of those of the class, the plaintiff will fairly and adequately protect the interests of the class, and the defendants have acted or refused to act on grounds that apply generally to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate respecting the class as a whole. All requirements for class certification are readily met here, and the class should accordingly be certified.

## LEGAL ARGUMENT[1]

**I.    The numerosity requirement is met**

The first requirement for class certification, as set out by Federal Rule of Civil Procedure 23(a)(1), is that the class be "so numerous that joinder of all members is impracticable." FRCP Rule 23(a)(1). This requirement necessitates an "examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of Nw., Inc., v. EEOC*, 446 U.S. 318, 330 (1980). "A plaintiff need not plead or prove the exact number of class members to establish numerosity under Rule 23(a)(1)." *Valenti v. Hartford City*, No. 1:15-cv-63-TLS, 2016 WL 5662097, at *3(N.D. Ind. 2016) (citing *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1987). And the "court may make common sense assumptions to determine numerosity." *Id*. (citing *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008).

Therefore, "courts have relaxed the numerosity requirement when the plaintiffs seek certification pursuant to Rule 23(b)(2)…where the class seeks injunctive and declaratory relief." *Bublitz v. E.I. du Point de Nemours & Co.*, 202 F.R.D. 436, 446 (M.D. PA. 1990). "Generally, if the named plaintiffs demonstrate that the potential number of plaintiffs exceed 40, the first prong of Rule 23(a) has been met." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 356 (3rd. Cir. 2013). (quotation and citation omitted); *see also, e.g., Flood v. Dominguez*, 270 F.R.D 413, 417 (N.D. Ind. 2010) ("Generally speaking when the putative class consists of more than 40 members, numerosity is met, but there is <u>nothing</u> magical about that number) (emphasis added).

There is no need to discuss relaxation of the numerosity requirements here. The evidence will demonstrate that the class, as currently composed, consists of approximately twenty (20)

---

[1] In addition to the explicit requirements of Rule 23(a) and (b)(1)(A), the Seventh Circuit "and other courts have long recognized an implicit requirement under Rule 23 that class must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mind." *Mullins v. Direct Digital, LLC*., 795 F.3d 654, 657 (7th Cir. 2015).

2

people. Numerosity is met where the class at issue is "self-evidently large." *Berger Property I.D. Corp.*, CV 05-5373-GHK9CWx), 2008 WL 1334980, *3 (C.D. Cal. 2008) (quoting *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909-913-14 (9th Cir. 1964). This class is certainly "self-evidently" large.

**II.     There are questions of law or fact common to the class**

Rule 23(a)(2) requires that there be present "questions of law or fact common to the class." In this matter, the class is defined as: "all persons who worked as sales employees residing in the State of Indiana for RBI in 2023 and who are no longer employed by RBI as of June 1, 2024." The entire class is subjected as to whether the non-complete and non-disclosure agreements prohibit the salespeople from working within the roofing business in the State of Indiana and whether they are entitled to full compensation by RBI for their previous work. "[C]ommonality is satisfied where the lawsuit challenges as a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). Distinctions in the facts of individual class members' claims do not preclude a finding that the commonality requirements is met. *See, e.g., Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980). Rather, "[a] common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963. F.2d 1013, 1018 (7th Cir. 1992). A common nucleus of fact is typically found where defendants have engaged in standardized conduct towards members of the proposed class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

Here, the class is so numerous that joinder of all members is impractical. RBI employed over twenty salespeople in the State of Indiana. There are common questions of law and fact common to the class – whether the non-compete and non-disclosure agreements prohibit the salespeople from working within the roofing business in the State of Indiana and whether they are

entitled to full compensation by RBI for their previous work. The claims of the representative parties are typical of the class. The representative parties will fairly and adequately protect the interests of the class. This raises the common legal question as to the legality of non-compete agreements. The determination of this question "will resolve an issue that is central" to each class member. Class certification here is proper.

**III.    The named plaintiffs' claims are typical of those of the class**

Next, Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of representative parties by typical of those of the class. As the Supreme Court has noted, this requirement is intertwined with the commonality requirement:

The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named Plaintiff's claim and the class claims are so inter-related that the interests of the class-members will be fairly and adequately protected in their absence. *See Gen. Tel. Co., of S.W. v. Falcon*, 457 U.S. 147, 157 (1982). In order for this requirement to be met, there need not be identity of interests between the named plaintiffs and the class they seek to represent; rather, there need only be "sufficient homogeneity of interests." *Sosna v. Iowa*, 419 U.S. 393, 403 n.13 (1975). Another view is that the typicality prong requires that the claims of the plaintiffs "not be 'significantly antagonistic' to the claims of the proposed class." *Eatinger v. BP Am. Prod. Co*., 271 F.R.D. 253, 260 (D. Kan. 2010) (footnote and internal citation omitted). The fundamental inquiry is whether all members of the class would benefit in some way from a judgment favorable to the plaintiffs. *See e.g., Meisberger v. Donahue*, 245 F.R.D. 627, 631 (S.D. Ind. 2007).

The named Plaintiffs are all sales employees who worked as sales employees residing in the State of Indiana for RBI whose "claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely-Van Camp, Inc.*, 713. F.2d 225, 232 (7th Cir. 1983).

All putative class members, including future class members, are affected by this. All would benefit from a judgment favorable to the plaintiffs in this case. Their claims are typical of those of the class they seek to represent.

### IV. The named plaintiffs are all adequate representatives for the class

The adequacy requirement of Rule 23(a)(4) similarly "tend[s] to merge" with the commonality and typicality requirements, although it "also raises concerns about the competency of class counsel and conflicts of interest." *Falcon*, 457 U.S. at 157. It requires simply that the class representatives' interests be such that the plaintiffs will vigorously pursue the class's interests as well as their own. *Hohman v. Packard Instr. Co.*, 399 F.2d 711, 714 (7th Cir. 1968). A standard that is met when the class representatives are "part of the class and possess the same interests and suffer the same situation as the class members. *See Conrad v. Boiron*, 869 F.3d 536, 539 (7th Cir. 2017) (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997). Additionally, "the court must be satisfied that the plaintiff will keep the interests of the entire class at the forefront." *Id*.

Further, the named plaintiffs and the potential class upon certification are represented by counsel competent and experienced within this type of litigation. The relief that they seek "is not inconsistent in any way with the interests of the members of the class.[2]

### V. The further requirements of Rule 23(b)(1)(A) are met in this case

The final requirement for certification of the class here is stated in Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure. In order to meet the requirements of Rule 23(b)(1)(A), which

---

[2] Undersigned counsel should therefore be appointed class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure in order to adequately represent the class members.

describes the types of class actions that may be maintained if prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class. *See* FRCP Rule 23(b)(1)(A).

A proposed class may be certified under Rule 23 if it meets the following requirements: (1) the scope of the class and the class claims are clearly defined, using objective criteria, Fed. R. Civ. P 23(c)(1)(B); *Mullins v Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015); (2) the class is sufficiently numerous, includes common questions of law or fact, and is adequately represented by named plaintiffs who have claims typical of the class, Fed. R. Civ. P. 23(a); (3) class counsel is adequate, Fed. R. Civ. P. 23(g)(1); and (4) the class meets the requirements of at least one of the types of class actions listed in Rule 23(b). *See Lucero v. Credit Union Ret. Plan Ass'n*, 2024 U.S. Dist. LEXIS 5329.

In this case, plaintiffs seek to certify a class under Rule 23(b)(1)(A). The risk of litigating claims individually could lead to inconsistent results and impose incompatible standards of conduct on the defendant. *Id*. Litigating these claims as a class would ultimately save judicial resources, as well as the resources of all parties involved.

In this matter, plaintiffs seek to certify a class under Rule 23(b)(1)(A), which applies when there is a risk that litigating claims individually could lead to inconsistent results and impose "incompatible standards of conduct" on the defendant. The plaintiffs, as well as all named future plaintiffs and members of the class, all would meet the requirements listed above. This matter is suitable to proceed under a class action pursuant to the Federal Rules of Civil Procedure and the named and identified class who have all experienced similar harm based on the actions of the Defendant.

## CONCLUSION

For the above reasons, this case should be certified as a class action, as well as the class defined above. Named class representative, as well as all other class members, seek further relief that this Court deems equitable, reasonable, and just.

Respectfully submitted,

/s/ Scott Seville
Scott Seville, #36075-45
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2376 | m 219.333.2375
scott.seville@roseattorneys.com
*An Attorney for Plaintiffs and the putative class*

/s/ Scott Granfeldt
Scott Granfeldt, #38430-45
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2375 | m 219.333.2375
scott.granfeldt@roseattorneys.com
*An Attorney for Plaintiffs and the putative class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July 2024, a copy of the foregoing was filed electronically with the Clerk of this Court. Parties may access this filing through the Court's electronic CM/ECF system.

/s/ Scott Seville
Scott Seville, #36075-45
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2376 | m 219.333.2375
scott.seville@roseattorneys.com
*An Attorney for Plaintiffs and the putative class*

/s/ Scott Granfeldt
Scott Granfeldt, #38430-45
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2375 | m 219.333.2375
scott.granfeldt@roseattorneys.com
*An Attorney for Plaintiffs and the putative class*