# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SEAN HARRISON and ELIJAH MUHM on behalf of himself and a class of those similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>RESTORATION BUILDERS, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CASE NO.<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiff, Sean Harrison, by counsel, and for their Complaint against Restoration Builders, Inc. alleges and states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### Parties

3. At all times relevant to his involvement in this case, Sean Harrison (hereinafter "Sean") was a United States citizen residing in Porter County, Indiana.

4. At all times relevant to his involvement in this case, Elijah Muhm (hereinafter "Elijah") was a United States citizen residing in Porter County, Indiana.

5. At all times relevant, all other class members were residents of the State of Indiana.

6. Restoration Builders, Inc. ("RBI") is a corporation with its headquarters in Phoenix, Arizona.

## Class Action

7. This action is brought by Plaintiff on their own behalf and on behalf of those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

8. The class is defined as follows:

    All persons who worked as sales employees residing in the State of Indiana for RBI in 2023 and who are no longer employed by RBI as of June 1, 2024.

9. The requirements of Rule 23(a) are met in this cause because:

    a. The class is so numerous that joinder of all members is impractical. RBI employed over twenty sales people in the State of Indiana.

    b. There are common questions of law and fact common to the class: whether the non-compete and non-disclosure agreements prohibit the sales people from working within the roofing business in the State of Indiana and whether they are entitled to full compensation by RBI for their previous work.

    c. The claims of the representative parties are typical of those of the class.

    d. The representative parties will fairly and adequately protect the interests of the class.

10. Rule 23(b)(2) applies as RBI has made demands of the class members consistent with its intent to generally interpret and enforce the non-compete and non-disclosure agreements in an overly broad and burdensome manner inconsistent with the terms of those agreements.

11. Undersigned counsel are appropriate persons to be appointed as counsel for the class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and should be so appointed.

## Factual Background

12. In 2023, Sean and Elijah and others similarly situated worked as sales employees for RBI (collectively hereinafter "Salespeople").

13. Pursuant to contract, RBI was to pay its Salespeople a portion of the sales they generated.

14. On or about January 2024, RBI demanded that its Salespeople sign new contracts.

15. A number of Salespeople refused to do so due to certain unfavorable terms, including but not limited to terms that would have substantially reduced their compensation and terms that would have deferred their compensation for months.[1]

16. RBI then terminated those Salespeople that refused to sign the new contract terms.

17. The Salespeople were already owed payment for the adjuster work they had done for and on behalf of RBI.

18. The Salespeople were already owed their accrued paid time off from RBI.

19. RBI has refused to pay the full amounts due and owing for the work and paid time off accrued by the Salespeople.

20. The Salespeople, pursuant to their employment, also signed an "Employee Confidential Information and Invention Assignment Agreement" (hereinafter "Non-Compete Agreement").

21. Many of the Salespeople proceeded to find new employment in the roofing industry in the State of Indiana.

22. In response to the Salespeople's new employment, RBI has claimed that it has incurred and will incur significant losses.

---

[1] For example, the new contract required a job to have payment of a defined portion of the job's cost upfront in order for payment to salespeople to be made. This would have required the salespeople to wait until job completion prior to remuneration, a period that could be a year or more.

## Declaratory Relief

23. RBI drafted a Non-Compete Agreement that the Salespeople allegedly signed (the Salespeople do not recall signing this document at any time).

24. Pursuant to the Non-Compete Agreement ¶ 5, Salespeople were not to work "within 25 miles of Company office location" for "a period of 24 months from the date of termination or the expiration of this Agreement" in "any venture which provides roofing and restoration construction services, and any other business or activity relating thereto or arising therefrom."

25. This Non-Compete Agreement is fatally flawed in numerous ways *inter alia*:

    a. The restriction, by purporting to involve "any other business or activity relating [to roofing] or arising therefrom" is overly broad and unenforceable;

    b. The term "Company office location" is vague and should be construed against the drafter to reference only RBI's headquarters in Arizona; and

    c. Because RBI attempted to reduce the compensation of Salespeople thru a new contract, the Non-Compete Agreement is no longer enforceable for failure of consideration.

## Breach of Contract

26. Salespeople entered into one or more contract(s) for employment with RBI ("Employment Contracts").

27. Pursuant to the Employment Contracts, Salespeople were entitled to compensation for sales they brought to RBI.

28. Pursuant to the Employment Contracts, Salespeople were entitled to accrued paid time off as of the time their employment ended with RBI.

29. RBI has failed to meet its compensation obligations pursuant to the Employment Contracts.

WHEREFORE, the Plaintiffs request that this Court:

1. Accept jurisdiction of this case and set it for hearing.

2. Certify this case as a class action with the class as defined above.

3. Declare the Non-Compete Agreement unenforceable as to employment of the Salespeople within the State of Indiana.

4. Award the Salespeople such compensation as they have been deprived of that is due and owing under prior employment with RBI.

5. Award all other relief as is just and proper in the premises.

Respectfully submitted,

/s/ Scott Seville
Scott Seville, #36075-45
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2376 | m 219.333.2375
scott.seville@roseattorneys.com
*An Attorney for Plaintiffs and the putative class*