**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

SEAN HARRISON and ELIJAH MUHM,     )
     Plaintiffs,     )
          )
v.     )          No. 2:24-cv-240
          )
RESTORATION BUILDERS, INC.,     )
     Defendant.     )

## MOTION FOR DEFAULT JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)

Plaintiffs, SEAN HARRISON and ELIJAH MUHM, by counsel, state the following in support of their Motion for Default Judgment in their favor against Defendant, RESTORATION BUILDERS, INC.:

1. Plaintiffs moved for Clerk's Entry of Default on March 6, 2025. (Plaintiffs' Second Mot. for Clerks Entry of Default, ECF No. 15).

2. The Clerk of Court entered default as to Defendant on March 7, 2025. (Clerk's Entry of Default, ECF No. 16).

3. Plaintiffs moved for a hearing on damages on April 23, 2025. (Plaintiffs' Am. Mot. for Hr'g on Damages, ECF No. 24).

4. This Court denied Plaintiffs' request as premature, and indicated Plaintiffs were required to move this Court for a default judgment per FRCP 55(b). (Order Den. Plaintiffs' Mot. for Hr'g on Damages, ECF No. 26).

5. Plaintiffs now move for default judgment per FRCP 55(b)(2) and this Court's instruction and submit this Motion and attachments in support of Plaintiffs' request for default judgment against the Defendant.

6. The defaulting party, Restoration Builders, Inc., is not an infant, incompetent person, or in the military service of the United States.

7. The failure to file a required responsive pleading constitutes default judgment. "A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint." *Cargill, Inc. v. Marigold, Inc.*, No. 2:21 CV 402-PPS, 2023 U.S. Dist. LEXIS 205351, at *4 (N.D. Ind. Nov. 16, 2023) (citing *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)).

8. All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

9. Defendant, to date, has failed to file an appearance, motion, responsive pleading, or any other document with this Court.

10. As a matter of law, Plaintiffs are entitled to a presumption that all facts pled in the Second Amended Complaint (ECF No. 21) are true for the purpose of establishing liability.

11. As a matter of law, and for its failure to submit a responsive pleading, Defendant is liable to Plaintiffs for each cause of action in the Second Amended Complaint.

12. Defendant RBI has failed to pay Plaintiffs and is in active breach of contract.

13. Plaintiffs, each and individually, earned and are owed $89,000.00 in unpaid bonuses and commissions. Exhibit A-F.

WHEREFORE, Plaintiffs respectfully request this Court enter default judgment against Defendant Restoration Builders, Inc. on all claims in Plaintiffs' Second Amended Complaint in

the amount of $178,000.00, or to set a hearing to establish damages, if necessary, and for all relief just and proper in the premises.

Respectfully submitted,

/s/David W. Wu
David W. Wu, #38697-79
ROBBINS AND SEVILLE, LLC
714 N. Main St.
Crown Point, IN 46307
o 219.333.2379 | m 219.333.2375
david.wu@roseattorneys.com
*An Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

The foregoing Motion for Default Judgment and attachments thereto was filed electronically through the Court's electronic document filing system and served on the Defendant this 22nd day of December 2025, by sending same via Certified Mail, postage prepaid to:

Restoration Builders, Inc.
c/o Capitol Corporate Services Inc.
150 W. Market St., Suite 400
Indianapolis, IN 46204

By:    /s/David W. Wu
David W. Wu, #38697-79